# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **CHARLES A. TREECE** | **CIVIL ACTION NO. 05-80** |
| **VERSUS** | **SECTION "P"** |
| **O. KENT ANDREWS, WARDEN, ET AL** | **JUDGE MINALDI** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* by *pro se* plaintiff Charles A. Treece. Plaintiff originally filed this matter on June 23, 2004, as part of an Application for Writ of *Habeas Corpus* (28 U.S.C. § 2254)(*Treece v. O. Kent Andrews*, 04 cv 1420). By way of memorandum order dated January 14, 2005, this court ordered that plaintiff's civil rights claims be severed from plaintiff's *habeas* suit and re-filed in a separate matter. The present case is a result of that order, and plaintiff names Warden O. Kent Andrews, classification supervisor Ms. Vidrine, ex-pardon board chairperson Mr. Magrie, and sentencing official Mr. Manuel, as his defendants herein.[1]

This matter has been referred to the undersigned for review, report and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff is an inmate in the custody of the Louisiana Department of Corrections (LDOC) and is confined at the Allen Correctional Center (ACC) in Kinder, Louisiana. In this matter,

---

[1] In plaintiff's original petition filed in his *habeas* case (04-1420), plaintiff named Warden Andrews as his only defendant. However, in the current suit, plaintiff added Ms. Vidrine, Mr. Magrie, and Mr. Manuel as defendants via a motion for leave to supplement his complaint filed on March 4, 2005. [doc. 3]

plaintiff claims that at a clemency hearing, he made the statement "The shame lies on the court and pardon board" in response to the denial of his plea for clemency. Plaintiff states that three days later an employee from GEO Group made a disciplinary report under "Rule #3 Defiance," stating that plaintiff told the Clemency Board to "go to hell." Plaintiff claims that he did not say that, and even if he did, such would be protected as free speech. As a result of this alleged false disciplinary report, plaintiff states that he was placed in maximum security for 102 days and lost 60 days of Good-Time credit, among other punishments. As a result of this incident, the plaintiff filed this civil rights action claiming:

1. That Disciplinary Rule #3 is over broad and is in violation of the First and Fourteenth Amendments to the Constitutional;

2. That Warden Andrews, along with other individuals, conspired to deny plaintiff his Constitutional rights;

3. That the filing of the disciplinary report was done as retaliation against plaintiff "for using the courts to address Constitutional violations"; and,

4. That defendants violated La. R.S. 14:35.2-Simple Battery of the Infirm or Elderly.

Based on the above, plaintiff seeks damages in the amount of $500,000.00 "for the United States Supreme Court held that First Amendment violations unquestionably constitutes irreparable injury." [Doc. #3, p.1].

## LAW AND ANALYSIS

### 1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without

service of process, if it is frivolous,[2] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under §1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994). A complaint may not be dismissed under §1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

    A review of plaintiff's complaint convinces the court that plaintiff has pleaded the best case possible in support of his claims, and that plaintiff need not be afforded the opportunity to

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

amend. Accepting all of plaintiff's allegations as true, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly, recommends dismissal of the complaint.

## 2. *Heck v. Humphrey* and its Progeny

Plaintiff states that he lost 60 days of good time credit as a result of the prison disciplinary proceeding complained of herein. The Supreme Court has held that a plaintiff in a 42 U.S.C. §1983 action may not recover damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," unless he "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 114 S.Ct. 2364 (1994). The Supreme Court has extended *Heck* to prison disciplinary proceedings like the one in question here, concluding that claims for damages and declaratory relief that necessarily imply the invalidity of the punishment imposed in a disciplinary conviction are not cognizable in a 42 U.S.C. §1983 proceeding. See *Edwards v. Balisok*, 117 S.Ct. 1584 (1997).

Plaintiff's assertion that he was wrongly convicted of the prison disciplinary charge in question, if credited, would necessarily imply that his conviction and sentence for the disciplinary case was invalid. Because plaintiff has not shown that the disciplinary case has been overturned, he cannot maintain a 42 U.S.C. §1983 action against the defendants for damages. See *Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 486-87. Plaintiff's claim is not cognizable under section 1983 without a prior showing of favorable termination, that is, that the results of the disciplinary action has been overturned, either on administrative appeal, through *habeas*, or by some other means.

See, also, *Woods v. Smith*, 60 F.3d 1161, 1165 n. 16 (5th Cir.1995)(citing *Ordaz v. Martin*, 5 F.3d 529 (5th Cir.1993)(unpublished)). Plaintiff's claims lack an arguable basis in law and are frivolous until the conditions of *Heck* and its progeny have been met. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir.1996). Consequently, plaintiff's section 1983 civil rights claims against the defendants lack an arguable basis in law and are frivolous. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

## THREE STRIKES

Plaintiff has had two previous civil actions filed in this Court dismissed as frivolous pursuant to 28 U.S.C. § 1915(e): *Treece v. O. Kent Andrews, et al,* 04 cv 1364; and, plaintiff's claims against Louisiana Department of Corrections Secretary Richard Stalder, Wackenhut Corporation President Wayne Calabrese, Wackenhut Corporation and unnamed insurance companies, in *Treece v. O. Kent Andrews, et al,* 04 cv 846.[3] After review of all claims raised herein, the undersigned has recommended plaintiff's claims herein to be dismissed as frivolous. Thus, the instant recommended dismissal constitutes a third strike against plaintiff pursuant to 28 U.S.C. § 1915(e), and it is recommended that plaintiff be barred from filing any other civil actions in United States District Courts *in forma pauperis*, except for cases involving an imminent danger of serious physical injury. See, *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted

---

[3] The court notes that plaintiff's claims against some of the defendants in 04-846 were served and later dismissed with prejudice via summary judgment.

pursuant to the provisions of 28 U.S.C.1915(e)(2).

**IT IS ALSO RECOMMENDED** that plaintiff be barred from filing any other civil actions in United States District Courts *in forma pauperis* except for cases involving an imminent danger of serious physical injury.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 8th day of July, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE